DEFENDANT

IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE
AT MURFREESBORO

DANNY BITTLE and CAROLYN BITTLE,

    Plaintiffs,

vs

    Case No.: 08-1170CV
    Division:

STATE FARM FIRE AND CASUALTY
COMPANY,

    Defendant.

_____/

## SUMMONS

THE STATE OF TENNESSEE:

TO COMMISSIONER OF THE TENNESSEE DEPARTMENT OF COMMERCE AND INSURANCE:

    YOU ARE HEREBY COMMANDED to serve: (i) this Summons; (ii) a copy of the Complaint; (iii) Plaintiffs' First Request for Production to Defendant; (iv) Plaintiffs' First Request for Admissions to Defendant; (v) Plaintiffs' Notice of Serving First Set of Interrogatories; and (vi) Plaintiffs' First Set of Interrogatories to Defendant in the above-styled cause upon the Defendant(s):

    STATE FARM FIRE AND CASUALTY COMPANY
    c/o Service of Process Section
    Commissioner
    Tennessee Department of Commerce and Insurance
    500 James Robertson Parkway
    Nashville, Tennessee 37243-1131

    Each Defendant is hereby required to serve written defenses to said Complaint on Plaintiffs' attorney, whose name and address is:

    Alan S. Marshall, Esquire
    Marshall Thomas Burnett
    214 West Main St.
    Murfreesboro, Tennessee 37130

within twenty (20) days after service of this Summons upon that Defendant, exclusive of the date of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiffs' attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

    WITNESS my hand and the seal of said Court on 8/20, 2008.

    JOHN BRATCHER
    CLERK AND MASTER

(seal)      By: John A.W. Bratcher
    Clerk
    by: Alyia Kanally

*If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Within two (2) working days of your receipt of this notice (describe), please contact the Chancery Court Clerk, Judicial Building, Suite 302, Public Square North, Murfreesboro, Tennessee 37130, (615) 898-7860.*

EXHIBIT 1

Case 3:08-cv-00894 Document 1-1 Filed 09/18/08 Page 1 of 6 PageID #: 4

# IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE
## AT MURFREESBORO

DANNY BITTLE and
CAROLYN BITTLE,

    Plaintiffs,

v.                              Case No.: 08-1170CV

STATE FARM FIRE AND CASUALTY      JURY DEMAND
COMPANY,

    Defendant.

_____/

## COMPLAINT

THE PLAINTIFFS, DANNY BITTLE and CAROLYN BITTLE, sue Defendant, STATE FARM FIRE AND CASUALTY COMPANY, and as grounds thereof state as follows:

1. Plaintiffs, DANNY BITTLE and CAROLYN BITTLE, are husband and wife, and citizens and residents of 105 Hermitage Drive, Smyrna, Rutherford County, Tennessee 37167.

2. The claim for relief of the Plaintiffs' arise from a covered sinkhole loss to their property located at 105 Hermitage Drive Drive, Smyrna, Rutherford County, Tennessee 37167 (hereinafter the "Property"). Venue is proper pursuant to Tenn. Code Ann. § 20-4-103.

3. This is an action for damages in excess of Twenty-Five Thousand Dollars ($25,000) exclusive of interest, attorneys' fees, and costs.

4. At all times material hereto Plaintiffs were the owners of the Property.

5. On or about July 1, 2007, Plaintiffs renewed or procured a policy of homeowners insurance from Defendant covering the above-referenced real property, a copy of which is not attached but is in the possession of Defendant and has been requested

6. In consideration of monies paid by the Plaintiffs to the Defendant, a policy of insurance was issued, insuring the Plaintiffs' Property against risks, including sinkhole collapse, for a period beginning July 1, 2007, (hereinafter the "Policy").

7. Plaintiffs have renewed said Policy each and every year and have paid all premiums due thereunder and otherwise met all conditions of coverage thereunder.

8. On or about November 15, 2007, while the Policy was in full force and effect, the Property was damaged as a result of sinkhole collapse.

9. The damage to Plaintiffs' Property is caused by a covered peril under the Policy.

10. On or about November 28, 2007, Defendant's Claims Representative, verbally advised Plaintiffs that the damage to their home was due to settlement and was not a covered peril under the policy of insurance, and Defendant did not conduct an inspection of the Property.

11. Defendant made its coverage determination without conducting any geotechnical investigation or otherwise taking any steps to eliminate the possibility that sinkhole collapse, a covered peril under the subject policy, was a contributing cause of distress to the insured dwelling.

12. Plaintiffs have been required to retain the services of the undersigned counsel and are obligated to pay them a reasonable fee for their services.

13. Plaintiffs conducted their own independent investigation, including consultation with licensed geologists, which revealed that the investigation conducted by Defendant was completely insufficient to support its denial of coverage.

14. Thereafter, on or about April 29, 2008, notice of loss and damage was properly given by Plaintiffs to the Defendant in accordance with the terms of the aforesaid policy.

15. Defendant was required, pursuant to Tenn. Code Ann. 56-7-130, to meet certain minimal standards in investigating a claim for sinkhole activity.

16. The Plaintiffs have complied fully with all of the provisions of the policy, but the Defendant has declined or refuses to make payment to the Plaintiffs for the loss and damage sustained.

## COUNT I – BREACH OF CONTRACT

17. Plaintiffs adopt and re-allege Paragraphs 1 through 16 above as if set out fully herein, and incorporate same by reference.

18. The Defendant has breached the policy of insurance by failing and refusing to pay all the benefits due thereunder for the claim of sinkhole activity made on November 15, 2007.

19. Defendant owes prejudgment interest, expert fees, costs, the costs of all structurally necessary repairs, and, if the home is not repairable within applicable coverage limits, an amount equal to such limits for the total constructive loss.

20. Defendant's failure and refusal to pay is not in good faith, and such failure to pay has inflicted expense, loss, and injury upon the Plaintiffs. Accordingly, Plaintiffs are entitled to recover, in addition to the amount of the insured loss and interest thereon,

an amount equal to twenty-five percent (25%) of the liability for the loss, pursuant to Tenn. Code Ann. § 56-7-105.

**WHEREFORE,** Plaintiffs respectfully demand judgment against Defendant for (i) all general and special damages, including but not limited to the full cost of repair or replacement; (ii) pre-judgment interest; (iii) expert fees and costs; (iv) an additional amount equal to twenty-five percent (25%) of the face amount of the policy; (v) a jury of twelve (12) persons to try this cause; and (vi) any other relief as the Court deems proper.

## COUNT II – VIOLATIONS OF CONSUMER PROTECTION ACT

21. Plaintiffs adopt and re-allege Paragraphs 1 through 20 above as if set out fully herein, and incorporate same by reference.

22. Defendant has violated the Tennessee Consumer Protection Act of 1977, §§ 47-18-101, *et seq.*, by engaging in various unfair, misleading or deceptive acts or practices, including, but not limited to:

(A) attempting to deceive or misrepresenting or failing to act fairly by not paying Plaintiffs for damages, when Defendant represented in its policy it would provide coverage for covered perils, in violation of Tenn. Code Ann. §§ 47-18-104(a), (b)(5) and (b)(27);

(B) failing to disclose to Plaintiffs that sinkhole collapse is a covered peril under Plaintiffs' policy, when sinkhole collapse is a covered peril under Plaintiffs' policy, in violation of Tenn. Code Ann. §§ 47-18-104(a), and (b)(27);

(C) attempting to deceive or misrepresenting that sinkhole activity is not a covered peril under Plaintiffs' policy of insurance, when sinkhole activity is a covered peril, in violation of Tenn. Code Ann. §§ 47-18-104(a), and (b)(27);

(D) failing to comply with Tenn. Code Ann. §§ 56-7-130 when Defendant had an obligation to comply with Tenn. Code Ann. §§ 56-7-130 in violation of Tenn. Code Ann. §§ 47-18-104(a), and (b)(27);

Respectfully submitted,

MARSHALL THOMAS BURNETT

By: /s/ Alan S. Marshall

ALAN S. MARSHALL, ESQUIRE
TBN #026697
**MARSHALL THOMAS BURNETT**
214 West Main St.
Murfreesboro, Tennessee 37130
Telephone: (615) 896-8000
Facsimile: (615) 848-7039
Attorney for Plaintiffs

STATE OF TENNESSEE RUTHERFORD COUNTY

THE UNDERSIGNED, CLERK AND MASTER OF THE SAID COUNTY AND STATE HEREBY CERTIFIES THAT THE FOREGOING IS A CORRECT COPY OF THIS INSTRUMENT FILED IN THE FOREGOING CAUSE IN THE CHANCERY COURT OF MURFREESBORO, TENNESSEE

THIS 20 DAY OF Aug 08
JOHN A BRATCHER CLERK AND MASTER